[616 NYS2d 409]

In the Matter of STANLEY B. MICHELMAN (Admitted as STANLEY BRENT MICHELMAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 12, 1994

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

*Herzfeld & Rubin,* New York City *(Emanuel Gold* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was charged with six allegations of professional misconduct. The Special Referee sustained all six charges. The Grievance Committee now moves to confirm the report of the Special Referee and the respondent cross-moves to reject the findings of the Special Referee and to dismiss the charges against him. These charges stem from the respondent's conduct in connection with two separate private placement adoptions. Charges One and Two arise from an adoption brought in the Westchester County Surrogate's Court and Charges Three through Six arise from an adoption brought in the Nassau County Family Court.

Charge One of the petition alleged that the respondent engaged in an impermissible conflict of interest by representing and/or advising both adoptive parents and the biological mother in a private placement adoption in violation of Code of Professional Responsibility DR 5-105. In or about 1987, a biological mother was referred to the respondent by a medical doctor and the respondent assisted the biological mother in selecting adoptive parents who were his clients. The respondent represented the adoptive parents in the private placement adoption in the Westchester County Surrogate's Court. The respondent discussed the nature and consequences of adoption with the biological mother, obtained background information from her, and prepared various documents to forward to the biological mother concerning her health, family history, and the history of the birth father. The respondent also prepared and forwarded to the biological mother documents she would be required to execute after the birth of her child. Upon the birth of the child, the respondent prepared the surrender papers for execution by the biological mother, obtained medical information, and coordinated arrangements to obtain custody.

The respondent arranged for his associate to be present when the biological mother surrendered custody of the child. The associate advised the biological mother of the information contained in the affidavit of consent and supervised execution of the surrender documents. The respondent attempted to schedule a court appearance for the biological mother to reaffirm her consent to the adoption.

By decision of the Surrogate's Court, Westchester County, dated October 28, 1988, the appearance of the biological

mother and her judicial consent were dispensed with in the best interests of the child and the extrajudicial consent was accepted to satisfy the requirement of the biological mother's consent.

Upon ascertaining the circumstances under which the extra-judicial consent and affidavit were executed, the court *sua sponte* recalled the decision of October 28, 1988, which dispensed with the biological mother's in-court consent. The court appointed an attorney to advise the biological mother of her rights, to inform her of the consequences of the execution of a consent to the adoption, and to represent her in the adoption proceeding. The attorney thereafter located the biological mother, who appeared in court on February 8, 1990, to affirm the surrender of her child and to execute a judicial consent.

Charge Two alleged that the respondent gave advice to a person who was not represented by a lawyer where the interests of that person were or had a reasonable possibility of being in conflict with the interests of his client in violation of Code of Professional Responsibility DR 7-104 (A) (2), based on the factual allegations set forth in Charge One.

Charge Three alleged that the respondent engaged in an impermissible conflict of interest by representing and/or advising both the adoptive parents and the biological mother in a private placement adoption in violation of Code of Professional Responsibility DR 5-105. In or about December 1989, the biological mother in a private placement adoption, which was later finalized in the Nassau County Family Court, was referred to the respondent by a medical doctor. The respondent met with the biological mother on several occasions and reviewed the background of several prospective adoptive parents with her. According to testimony of the biological mother and her father, the respondent expressly stated that he would represent the biological mother in this adoption. The respondent arranged for telephone communications between the biological mother and the adoptive parents, who were his clients.

The respondent advised the biological mother regarding the nature and consequences of adoption, answered her questions, advised her regarding the potential availability of "open adoptions," and discussed with her various procedures that would occur depending upon whether she decided to give birth in New York or New Jersey. The respondent arranged for the

biological mother's room and board. Disbursements on her behalf were made through the respondent's escrow account.

Upon learning that the biological mother had been admitted to a medical facility in New Jersey where she gave birth, the respondent coordinated arrangements for the adoptive parents to obtain physical custody of the child. On or about February 23, 1990, the day after the child's birth, the biological mother went to the respondent's office and signed an extrajudicial consent and other documents prepared by the respondent for her signature. The respondent answered any questions the biological mother and/or her parents had regarding these documents. According to the testimony of the biological mother and her father, the respondent stated for the first time that he was representing the adoptive parents and was not representing the biological mother.

Charge Four alleged that the respondent has been guilty of conduct involving dishonesty, fraud, deceit or misrepresentation and/or engaging in conduct which adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (former [6]), then applicable (now [8]). The respondent was retained by the adoptive parents in March 1989 with respect to the private adoption involved in Charge Three. The respondent knew or should have known that his conduct would and did lead the biological mother to believe that the respondent was representing her.

Charge Five alleged that the respondent gave advice to a person who was not represented by a lawyer where the interests of such person were or had a reasonable possibility of being in conflict with the interests of his client in violation of Code of Professional Responsibility DR 7-104 (A) (2) based on the factual allegations of Charge Three.

Charge Six alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) based on the factual allegations contained in Charge Three. The respondent misled the biological mother regarding the availability of "open adoptions" in New York State.

Upon review of the evidence adduced, we conclude that the Special Referee properly sustained all six charges. Accordingly, the petitioner's motion to confirm is granted and the respondent's cross motion is denied in its entirety.

In determining an appropriate measure of discipline to impose, the respondent emphasizes that the underlying adop-

tions were completed successfully in that both adoptive parents and biological mothers were satisfied with the outcomes. The respondent further accuses former Surrogate Brewster of the Surrogate's Court, Westchester County, of harboring baseless antagonism against him and denies that he purposefully made misrepresentations before the Surrogate's Court. The respondent is nevertheless guilty of serious professional misconduct. He has been the subject of three Letters of Admonition from the petitioner and has received several other warnings as well.

On March 20, 1974, the Chairman of the Committee on Grievances of the Association of the Bar of the City of New York notified the respondent that the Committee had determined not to present formal charges to the petitioner but advised the respondent that his representation of adoptive parents in proceedings in which his former law associates represent the biological mother was improper and should not be engaged in. The respondent was advised that if the Grievance Committee received a substantiated complaint of improper conduct on his part at some future date, the matter would be reopened. The respondent acknowledged receipt of the aforesaid letter and agreed to comply with the proscriptions.

In a decision dated December 3, 1987, the Honorable Mara T. Thorpe of the Family Court, New York County, before whom the respondent had appeared, discussed the inescapable conflict of interest between the two sets of parents in a private placement adoption (*Matter of Male D.,* 137 Misc 2d 1016). The respondent acknowledged receipt of a copy of this decision.

Two decisions from former Westchester County Surrogate Evans Brewster, dated July 17 and July 19, 1989, respectively, expressly point out the impropriety of representing or advising both the adoptive parents and biological mother in a private placement adoption. Surrogate Brewster noted that the attorney for the adoptive parents has an affirmative obligation to instruct the birth mother on both her right to and her need for independent counsel. She should also be advised that reasonable attorney's fees will be paid by the adoptive parents in the event she cannot afford counsel. Surrogate Brewster referred the respondent's conduct in the Westchester adoption to the Grievance Committee.

Two Letters of Admonition were issued to the respondent on

or about May 3, 1990, for conduct similar to that in the two adoption matters underlying the instant disciplinary proceeding. In each case, the Grievance Committee considered and rejected the respondent's position that the adoption could not have gone forward because the birth mother did not wish to have independent counsel. According to the Grievance Committee, the respondent's actions could have seriously jeopardized his clients' interests inasmuch as the consent of the biological mothers under these circumstances has been held to be insufficient.

On February 8, 1994, the Grievance Committee admonished the respondent for engaging in deceitful conduct before this Court regarding his appeals from orders of the Surrogate's Court, Westchester County, reducing his fees in adoption matters.

In an order dated April 6, 1992, this Court found that the respondent had included in his appendix on appeal certain "Time Preparation and Record-Keeping" sheets which were dehors the record and which had not been submitted to the Surrogate's Court in connection with his application for attorney's fees. The respondent failed to take any remedial steps to correct this Court's reliance upon those documents.

Under the circumstances, the respondent is suspended from the practice of law for three years.

MANGANO, P. J., THOMPSON, SULLIVAN, LAWRENCE and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to reject the findings of the Special Referee to dismiss the charges against him is denied; and it is further,

Ordered that the respondent, Stanley B. Michelman, is suspended from the practice of law for a period of three years, commencing October 13, 1994, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c)

that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent Stanley B. Michelman shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.